## OREN KEITH & wife *vs.* CYRUS LOTHROP.

If the plaintiff in a suit on a promissory note, in order to prove the defendant's signature to the note, offers evidence to show that the body of the note is also his handwriting, the defendant may offer testimony that neither was his handwriting.

Keith & wife *v.* Lothrop.

An expert may give the grounds and reasons of his opinion in his examination in chief, as well as the opinion itself.

A witness who has done business with the defendant, and seen him write, but only since the date of a disputed note, may nevertheless give his opinion that the note is not genuine. The objection is to the weight and not to the competency of the evidence.

The defendant, in an action on a promissory note alleged to be forged, having proved the plaintiff's declarations that she could successfully imitate his handwriting, the plaintiff, in reply, cannot introduce specimens of her own handwriting to prove that the note was not forged by her.

ASSUMPSIT upon a promissory note alleged to have been given by the defendant to the female plaintiff, while sole, then Lydia Shaw, dated June, 1846. The defendant filed the general issue, and for a specification of defence denied the signature. The trial was before *Shaw*, C. J. who reported the case for the consideration of the whole court, as follows :

" There was evidence to show that the female plaintiff, then Lydia Shaw, resided in the family of the defendant about ten years, from 1835 to 1845 ; in the earlier part of the time, keeping a public summer school ; that she sometimes did writing for him ; that in 1845, or early in 1846, she went home to her father's. This note was dated in June following.

The case, as opened on the part of the plaintiff, was this : That when this girl was fifteen or sixteen years old, Lothrop requested of her parents that she might be permitted to reside in his family ; that she did go, and was employed as a teacher of his children, and in doing writing; that she stayed till about 1845; that after her return, some attempt was made to settle for her services, but no settlement was made ; that afterwards a letter was received by her from Mr. Lothrop, inclosing this note for $2,500; and that after her marriage, which was in 1849, this action was brought. The plaintiffs then gave in evidence, both the note and the alleged letter, and called witnesses to establish their genuineness, by proof of the handwriting; this evidence was general as to the handwriting both of the signature and body of the note. There was evidence tending to show that the body of the note and the signature were in the same hand. I considered it competent for the plaintiffs to give evidence of the genuineness both of the body

Keith & wife *v.* Lothrop.

and of the signature of the note, especially as no exception was made, because, if the body of the note was in the true handwriting of the defendant, it was competent evidence tending to show that the signature was also genuine. Afterwards, when the defendant offered evidence to prove that the body of the note was not in the handwriting of the defendant, the question was asked by the plaintiffs' counsel, whether the inquiry should not be confined to the question of the genuineness of the signature. I remarked that as the plaintiff had opened the inquiry as to the question whether the body of the note, as well as the signature, was the genuine handwriting of the defendant, I supposed the defendant had a right to extend the inquiry to the same question. I however, instructed the jury, that it was not necessary for the plaintiffs, in order to recover, to prove that the body of the note was in the genuine handwriting of the defendant; it would be quite sufficient to prove the genuineness of the signature, and the other question was only of importance as it bore on this.

Another exception, taken by the plaintiffs, was as follows: The defendant offered George G. Smith as a witness, in the character of an expert, who had no personal knowledge of the defendant's handwriting, and who gave his opinion, derived from a comparison with acknowledged or proved specimens of his genuine hand, and also from internal evidence, that it was not the genuine handwriting of the defendant; that it was a simulated, stiff, and imitative hand, and not a free and natural one. Being asked the grounds and reasons of his opinion, it was objected to by the plaintiffs, on the ground that the opinion itself, and not the reasons and grounds of it, was the only competent evidence on the direct examination; but as the evidence went beyond an opinion formed upon comparison, it was ruled that· the witness might be examined, and point out to the jury, those facts and appearances upon the note, which tended to show that it was a simulated and artificial hand, and not the genuine hand of the defendant.

The defendant called James D. Albro as a witness, who

stated that he had had business with the defendant and seen him write, and could form an opinion of his handwriting. The evidence of opinion was objected to, because it appeared from the witness that his knowledge of the defendant's handwriting was acquired after the time that the note in question purported to be given. It was ruled, that this objection went to the weight and effect of the testimony and not to its competency, and it was admitted.

Another exception was taken by the plaintiffs which requires a preliminary statement. The relations and conduct of the female plaintiff, whilst she resided in the family of the defendant, and after she left it, previously to her marriage, was a subject of inquiry before the jury ; evidence was offered tending to show that she had declared, whilst in the family of the defendant, that she could imitate his handwriting so that he would not know it himself; also, that she had kept this note almost secret and did not show it to her father for three years after its date, and until she was married ; with a view, as I understood, to show a consciousness on her part, that there was some fraud about it. In giving evidence in reply, on the cross-examination of. one of the defendant's witnesses, the plaintiffs offered to prove specimens of her handwriting, that the jury might compare the note with them, in order to come to the conclusion that the note was not in her handwriting. This evidence was objected to, and it was ruled that it was irrelevant and immaterial, no evidence having been offered by the defendant, that the note was in her handwriting; the proof of her declarations of power to imitate his hand, being given, as I understood, for another and different purpose. There were many witnesses and a great amount of evidence on both sides. The case was submitted to the jury upon the question whether the note declared on bore the true and genuine signature of the defendant, and they returned a verdict for the defendant. The verdict is to be set aside, or judgment rendered thereon, according to the opinion of the whole court, upon this report."

*N. Morton,* for the plaintiffs.

*H. G. O. Colby,* (*T. G. Coffin* with him,) for the defendant.

Keith & wife *v.* Lothrop.

METCALF, J.  As the plaintiffs introduced testimony to prove that the body of the note, as well as the signature, was in the defendant's handwriting, and as proof that the former was not his writing was not irrelevant, but had some tendency to prove that the signature was not his, we are all of opinion that he was rightly. permitted to offer testimony that neither was his handwriting.  He might properly rebut all the evidence from which the jury could legally infer that he signed the note.  The jury were properly instructed, that the question, whether the defendant wrote the body of the note, was of no importance, except as it bore on the question whether he signed it, and that proof that he signed it was sufficient to maintain the action.

The witness Smith, who was called as an expert, was rightly allowed to give the reasons for the opinion that he expressed. This point was adjudged in *Commonwealth* v. *Webster*, 5 Cush. 301.  And in *Collier* v. *Simpson*, 5 Car. & P. 73, Tindal, C. J. ruled that counsel might ask a witness, who was called to testify as an expert, " his judgment and the grounds of it." The value of an opinion may be much increased or diminished, in the estimate of the jury, by the reasons given for it.

We are of opinion that the testimony of Albro was competent, and that its weight and effect were properly left to be judged of by the jury.  He had done business with the defendant, and had seen him write, and could form an opinion of his handwriting.  There could be no doubt, on the authorities, of the admissibility of this testimony, if the knowledge, which the witness had of the defendant's handwriting, had not been acquired after the date of the note in question.  The objection is, that the defendant, in his business with the witness, and in writing in his presence, may have had this note in mind, and have written differently from his usual manner, for the purpose of making evidence for himself in this case, or that the character of his writing may have changed since the date of the note.  All this, however, was for the consideration of the jury.

It has been held that a witness shall not be permitted to testify that in his opinion a signature to an instrument in suit

is not that of the defendant, when his only knowledge of the defendant's handwriting is derived from seeing him write his name, for the purpose of showing to the witness his true manner of writing, so that the witness might be able to distinguish it from the signature to an instrument in question. *Stranger* v. *Searle*, 1 Esp. R. 14. But we are not aware of any decision, or of any recognized principle of evidence, which would exclude Albro's testimony. It may have been entitled to very little weight; but its competency is the only question before us. See 2 Phil. Ev. (New York ed. 1849,) 248, 249; Glassford on Ev. 555, 556.

The evidence that was offered of the female's handwriting, for the purpose of showing that she did not write the note in question, was clearly irrelevant, and was therefore rightly excluded.

<div align="right">

*Judgment on the verdict.*